JS-6

1
2
3
4
5
6
7
8                  **UNITED STATES DISTRICT COURT**
9                  **CENTRAL DISTRICT OF CALIFORNIA**
10

11 AMERICAN GENERAL LIFE                    ) Case No.  09-CV-05427 MMM (Ex)
   COMPANIES,                               )
12                                          )
                        Plaintiff ,         ) [~~PROPOSED~~] STIPULATED
13 v.                                       ) JUDGMENT IN INTERPLEADER
                                            )
14 YU YAN YAO, et al.,                      )
                                            )
15                  Defendants.             )
                                            )
16                                          )
                                            )
17                                          )
                                            )
18                                          )
                                            )
19 _____      )

20        Upon reading the Stipulation for Judgment in Interpleader submitted by

21 Plaintiff-in-Interpleader American General Life Insurance Company ("American

22 General") and Defendants-in-Interpleader Yu Yan Yao ("Yao"), Yong Cheng Su

23 ("Su"), C.F.L. and H.Y.L., minors by and through their Guardian ad Litem Lawrence

24 M. Lebowsky, and it appearing that American General has properly brought this

25 action in Interpleader, that this Court has jurisdiction of the parties and of the subject

26 herein, and that good cause appearing therefore,

27
28

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      American General properly filed its Complaint in Interpleader and for Declaratory Relief and this is a proper cause for Interpleader by and between the parties;

2.      American General issued American General Life Insurance Company Policy Number YME0185556 ("the Policy"), insuring the life of the decedent, Yan Ling Huang, in the amount of  $350,000.00 (the "Proceeds").

3.      Decedent's application named, as primary beneficiaries, Decedent's two sons, Su and C.F.L., as well as her daughter H.Y.L., to receive a portion of the Proceeds - 34%, 33% and 33%, respectively.  No contingent beneficiaries were named.

4.      On or about February 11, 2009, American General received a Change of Beneficiary form for the Policy, dated February 9, 2009, signed by Decedent.  The change of beneficiary form designated Yao, Decedent's mother, as the primary beneficiary.  No contingent beneficiary was named.

5.      On or about February 18, 2009, American General wrote a letter to Decedent confirming its receipt of her Change of Beneficiary form and noting that Yao was the new primary beneficiary of the policy proceeds.

6.      On or about February 17, 2009, American General received another Change of Beneficiary form, also dated February 9, 2009, signed by Decedent.  The Change of Beneficiary form designated Yao as primary beneficiary.  However, typed on the form below the beneficiary designation was the following:

Dear Insurance Agent/officer,

I hereby authorize you to change the percentage of the net proceeds of the insurance policy #YME0185556 as follows:

Yong Cheng Su will receive 17.1430%

[C.F.L.] will receive 41.4285%

[H.Y.L.] will receive 41.4285%

Please do the above correction for my insurance policy as soon as possible.  If you need more information, please call me at [ ].

Enclosed is a copy of my Will for your clarification only.

Please note that if any of the above beneficiaries is a minor, the total net proceeds will be given to my mother, Yu Yan Yao and she will distribute the shares to them in due time.  Thank you very much.

7.     After Decedent's death, confusion arose as to the proper beneficiary(ies) of the Proceeds.

8.     Due to the confusion, on July 24, 2009, American General filed the instant Interpleader action and deposited the sum of $354,783.76 (the "Funds"), representing the Proceeds and interest with the Court.

9.     Defendant-in-Interpleader Wan Fat Lau has been dismissed from this action.

10.     As Defendant Stanlar Wong informed the parties that he had no personal interest in the Funds and would not answer the lawsuit, default was entered and American General filed a Motion for Default Judgment on June 24, 2010.  The Motion for Default Judgment is hereby granted.

11.     Yao has no personal interest in the funds.

12.     Su is entitled to 17% of the Funds plus accrued interest, less fees and costs as described below.  The Court Clerk shall pay this amount made payable to Yong Cheng Su.

13.     C.F.L., who was born on February 14, 1997, is entitled to 41.5% of the Funds plus accrued interest, less fees and costs as described below,  to be deposited in an interest-bearing federally insured blocked account (as described in California

Probate Code section 3611(b)), at Chase, 725 South Figueroa Street, Los Angeles, California 90071.  The account shall indicate the name of the minor who owns the account.  No withdrawal of principal or interest shall be made from the blocked account without a written order of the Los Angeles Superior Court, signed by a judge, and bearing the seal of said Court, until the Minor attains the age of 18 years. Notice of any motion or petition for such an order shall be given to the Guardian ad litem.  When the minor attains the age of 18 years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this judgment.  The money on deposit is not subject to escheat.  The Guardian ad litem shall deliver a copy of this judgment to each depository in which funds are deposited under this judgment.  The depository's acknowledgement of receipt of the judgment and the funds shall be filed with this Court within 15 days of deposit.  The Court Clerk shall pay this amount made payable to Chase, and send the payment care of Lawrence M. Lebowsky, Law Office of Lawrence M. Lebowsky, 11377 West Olympic Blvd., 9th Floor, Los Angeles, California 90064.  Upon the filing of the receipt and acknowledgment, the Guardian ad litem is discharged.

14.     H.Y.L., who was born on March 3, 2000, is entitled to 41.5% of the Funds, less fees and costs as described below,  to be deposited in an interest-bearing federally insured blocked account (as described in California Probate Code section 3611(b)), at Chase, 725 South Figueroa Street, Los Angeles, California 90071.  The account shall indicate the name of the minor who owns the account.  No withdrawal of principal or interest shall be made from the blocked account without a written order of the Los Angeles Superior Court, signed by a judge, and bearing the seal of said Court, until the Minor attains the age of 18 years.  Notice of any motion or petition for such an order shall be given to the Guardian ad litem.  When the minor

4

attains the age of 18 years, the depository, without further order of this court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this judgment. The money on deposit is not subject to escheat. The Guardian ad litem shall deliver a copy of this judgment to each depository in which funds are deposited under this judgment. The depository's acknowledgement of receipt of the judgment and the funds shall be filed with this Court within 15 days of deposit. The Court Clerk shall pay this amount made payable to Chase, and send the payment care of Lawrence M. Lebowsky, Law Office of Lawrence M. Lebowsky, 11377 West Olympic Blvd., 9th Floor, Los Angeles, California 90064. Upon the filing of the receipt and acknowledgment, the Guardian ad litem is discharged.

15.     American General is entitled to payment of $12,513.63 from the Funds, which consists of $10,133.0 for attorneys' fees expended in this action, plus $2,280.62 in costs (including attempted service of Lau and the minor children in Hong Kong). The Court Clerk shall pay this amount made payable to American General Life Insurance Company and send payment care of Russell H. Birner, Wilson Elser Moskowitz Edelman & Dicker LLP, 555 S. Flower Street, Suite 2900, Los Angeles, California 90071.

16.     Counsel for Defendants Yao and Su are entitled to payment of $2,000.00 from Su's share of the Funds for attorneys' fees expended in this action. The Court Clerk shall pay this amount made payable to Hiram Kwan, A Professional Corporation, 200 San Pedro Street, Suite 502, Los Angeles, California 90012.

17.     Guardian ad Litem, Lawrence M. Lebowsky, is entitled to payment of $3,187.50 taken equally from C.F.L.'s and H.Y.L.'s share of the Funds for his services as Guardian ad Litem for Defendants C.F.L. and H.Y.L. The Court Clerk

shall pay this amount made payable to the Law Office of Lawrence M. Lebowsky, 11377 West Olympic Blvd., 9th Floor, Los Angeles, California 90064.

18.    Defendants-in-Interpleader Yu Yan Yao, Yong Cheng Su, Stanlar Wong, C.F.L. and H.Y.L., and their agents, attorneys or assigns, are permanently enjoined from instituting or prosecuting in any state or federal court, any suit at law or in equity, or action of any kind whatsoever, against American General Life Insurance Company, its predecessors, successors, subsidiaries, affiliates, parent corporation, officers, employees and/or agents with respect to the Proceeds due under the Policy, except as necessary to enforce the judgment entered in this action.

19.    American General Life Insurance Company is dismissed from this action with prejudice and discharged of all liability to Yao, Su, Wong, C.F.L. and H.Y.L. with respect to the Policy or the proceeds of the Policy.


Pursuant to Federal Rule of Civil Procedure 54(b), the Court expressly determines that there is no just reason for delay and expressly directs the entry of this judgment.


Dated: August 09, 2010   By:    _____

UNITED STATES DISTRICT COURT JUDGE